THIS AMENDED AND RESTATED LOAN AGREEMENT IS ENTERED INTO PURSUANT TO THAT CERTAIN ASSET PURCHASE AGREEMENT DATED EVEN DATE HEREWITH BY AND AMONG MAKER, HOLDER AND THE OTHER PARTIES THERETO (THE "APA").

## AMENDED AND RESTATED LOAN AGREEMENT

**December 12, 2023**                                                          **$595,000.00**

FOR VALUE RECEIVED, the undersigned, **ROLL EM UP FRANCHISE GROUP, LLC**, a California limited liability company formerly known as Roll Em Up Franchise Group, Inc. ("Maker"), hereby promises to pay to **RESERVE INDUSTRIES CORPORATION**, a New Mexico corporation ("Holder"), the principal amount of **FIVE HUNDRED NINETY-FIVE THOUSAND DOLLARS ($595,000.00)** (the "Principal Balance"), together with interest on the outstanding Principal Balance, on or before January 1, 2029 (the "Maturity Date") in accordance with the provisions of this Promissory Note (this "Note").

### RECITALS

WHEREAS, Holder and FMP Ventures, Inc., a Nevada corporation ("FMP"), entered into that certain Loan Agreement (the "First Loan Agreement"), dated as of October 29, 2021, whereby FMP agreed to repay Holder the principal amount of $375,000, under the terms and conditions set forth therein;

WHEREAS, Holder and FMP entered into that certain Loan Agreement (the "Second Loan Agreement" and together with the First Loan Agreement, the "Loan Agreements"), dated as of November 7, 2022, whereby FMP agreed to repay an outstanding principal amount of up to $200,000, under the terms and conditions set forth therein;

WHEREAS, effective immediately prior to the effectiveness of this Note, and as a condition precedent hereto, Maker, Holder, and FMP entered into the APA, pursuant to which, Maker agreed to assume the rights and obligations of FMP set forth in the Loan Agreements, upon the terms and conditions set forth in this Note and the APA; and

WHEREAS, upon the effectiveness of this Note, which includes the assumption by Maker of all obligations and liabilities set forth in the Loan Agreements, FMP is relieved of all of its obligations and liabilities under the Loan Agreements.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Maker and Holder agree as follows:

1.        Interest.  Interest shall accrue on the unpaid Principal Balance of this Note at an annual rate equal to 7% per year (the "Annual Interest Rate"). Interest on the unpaid Principal Balance evidenced by this Note shall be computed on the basis of a THREE HUNDRED SIXTY (360) day year and shall accrue on the actual number of days elapsed for any whole or partial month in which interest is being calculated.  In computing the number of days during which interest accrues, the day on which funds are initially advanced shall be included regardless of the time of day such advance is made, and the day on which funds are repaid shall be included unless repayment is credited prior to the close of business on the Business Day received as provided herein.

EXHIBIT "B"

2.    <u>Payment Terms; Prepayment</u>.  Principal and interest under this Note shall be paid as follows:

(a)    The Principal Amount and interest are due and payable in equal monthly installments of **SIX THOUSAND SIX HUNDRED NINETY-THREE AND 75/100 DOLLARS ($6,693.75)**, beginning January 1, 2024, and thereafter on the first day of each succeeding month through December 1, 2028, and in one final installment on the Maturity Date in the amount of the unpaid principal and accrued, unpaid interest as of the Maturity Date.  Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.  If any payment of principal or interest on this Note shall become due on a day other than a Business Day, such payment shall be made on the next succeeding Business Day.

(b)    Maker may, at any time and from time to time, without premium or penalty, prepay all or any portion of the unpaid Principal Balance of this Note.

3.    <u>Defaults and Remedies</u>.

(a)    <u>Events of Default</u>.  The occurrence and continuance of any of the following shall constitute an "<u>Event of Default</u>" under this Note:

(i)    Maker shall fail to timely make any payment under this Note; or

(ii)    (A) Maker shall commence an Insolvency Proceeding, (B) Maker shall make a general assignment for the benefit of its creditors, (C) Maker shall admit in writing its inability to pay its debts as they become due, or (D) there shall be commenced against Maker an Insolvency Proceeding that (1) results in the entry of an order for relief by a court of competent jurisdiction or any such adjudication or appointment or (2) remains undischarged or unstayed for a period of 60 consecutive days.

(b)    <u>Remedies</u>.  If an Event of Default has occurred and is continuing:

(i)    Holder may, upon written notice to Maker, declare all or any portion of the unpaid Note Obligations to be immediately due and payable; and

(ii)    Holder shall be entitled to exercise any other rights which such Holder may have been afforded under any contract or agreement at any time and other rights which such holder may have pursuant to applicable law.

4.    <u>Definitions</u>.

"<u>Bankruptcy Code</u>" means title 11 of the United States Code.

"<u>Business Day</u>" means a day other than a Saturday, Sunday or other day on which commercial banks in Albuquerque, New Mexico are authorized or required by law to close.

"<u>Insolvency Proceeding</u>" means any case, proceeding or other action (A) under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to it or its debts, or (B) seeking appointment of a receiver, trustee, custodian, conservator or other similar official for it or for all or any

2

substantial part of its assets in connection with a bankruptcy, insolvency, reorganization or relief of debtors.

"Law" or "laws" means, collectively, all international, federal, state, local or foreign law, statute or ordinance, treaty, common law, or any rule, code and administrative or judicial authority, regulation, judgment, order, writ, injunction, decree, arbitration award, agency requirement, license or permit of, or agreement with, any governmental authority.

"Note Obligations" means all indebtedness, liabilities and obligations, of any nature or kind, present or future, at any time owing by Maker to Holder pursuant to this Note.

5.      Recitals. The above recitals are incorporated in and made a part of this Note by this reference.

6.      Setoff. This Note is subject to certain setoff rights set forth in the APA.

7.      Amendment and Waiver. Except as otherwise expressly provided herein, the provisions of this Note may be amended or waived and Maker may take any action herein prohibited, or omit to perform any act herein required to be performed by it, only if Maker has obtained the prior written consent of Holder.

8.      Assignment. This Note may be assigned by Holder, at its sole discretion.

9.      Cancellation. After all principal and other Note Obligations at any time owed on this Note have been indefeasibly paid in full, in cash, or if this Note is, or Holder's rights hereunder are, assigned or otherwise transferred to Maker, this Note shall be automatically canceled and Holder shall promptly surrender this Note to Maker for cancellation, and after such cancellation, this Note shall not be reissued.

10.     Replacement. Upon receipt of evidence reasonably satisfactory to Maker of the loss, theft, destruction or mutilation of this Note and, in the case of any such loss, theft or destruction of this Note, upon receipt of an indemnity reasonably satisfactory to Maker or, in the case of any such mutilation, upon the surrender and cancellation of this Note, Maker shall execute and deliver, in lieu thereof, a new Note of like tenor and dated the date of such lost, stolen, destroyed or mutilated Note. Any Note in lieu of which any such new Note has been so executed and delivered by Maker shall not be deemed to be an outstanding Note and shall be deemed cancelled.

11.     Place of Payment; Notices.

(a)     Payments under this Note are to be made by Maker in the lawful money of the United States of America in immediately available funds. Payments shall be delivered to the address or account of Holder set forth in Maker's records or at such other address or account as is specified by prior written notice by Holder to Maker.

(b)     All notices, requests, and demands or other communications provided for herein to or upon the respective parties hereto to be effective shall be in writing (including by facsimile or email), and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when delivered, or three (3) Business Days after being deposited in the mail, postage prepaid, or, in the case of facsimile notice or email notice, when received, addressed as follows, or to such other address as may be hereafter notified by such addressee:

3

(i)        If to Holder:

Reserve Industries Corporation
20 First Plaza Ctr NW, Suite 308
Albuquerque, New Mexico 87102
Attn: Marisa Floyd
E-mail: mlfloyd@swcp.com

(ii)       If to Maker:

Roll Em Up Franchise Group, LLC

_____

_____

Attn: Ryan Usrey
E-mail: ryan@rollemup.com

12.    <u>Business Days</u>.  If any time period for giving notice or taking action expires, on a day that is not a Business Day, such time period shall automatically be extended to the next Business Day.

13.    <u>Waiver of Presentment, Demand and Dishonor</u>.  Maker hereby waives presentment for payment, protest, demand, notice of protest, notice of nonpayment and diligence with respect to this Note, and waives and renounces all rights to the benefits of any statute of limitations or any moratorium, appraisement, exemption, or homestead now provided or that hereafter may be provided by any federal or applicable state statute, including but not limited to exemptions provided by or allowed under the Bankruptcy Code, both as to itself and as to all of its property, whether real or personal, against the enforcement and collection of the Note Obligations hereunder and any and all extensions, renewals, and modifications hereof.

14.    <u>Governing Law</u>.  All issues and questions concerning the construction, validity, enforcement and interpretation of this Note shall be governed by, and construed in accordance with, the laws of the State of New Mexico, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of New Mexico or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New Mexico.

15.    <u>Waiver of Jury Trial</u>.  EACH OF MAKER AND HOLDER, BY ACCEPTING THIS NOTE, AGREES THAT IT HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO JURY TRIAL OF ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION (I) ARISING UNDER THIS NOTE OR (II) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS IN RESPECT OF THIS NOTE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER IN CONTRACT, TORT, EQUITY, OR OTHERWISE. EACH OF MAKER AND, BY ACCEPTING THIS NOTE, HOLDER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY AND THAT HOLDER AND MAKER MAY FILE AN ORIGINAL COUNTERPART OF A COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF HOLDER OR MAKER TO THE WAIVER OF SUCH PERSON'S RIGHT TO TRIAL BY JURY.

16.    <u>Cost of Collection</u>.  Maker agrees to pay on demand all reasonable and documented out-of-pocket costs and expenses of Holder in connection with the collection of the Note Obligations or the enforcement of this Note, including, without limitation, attorneys' fees.

17.     No Waiver.  The rights and remedies of Holder expressly set forth in this Note are cumulative and in addition to, and not exclusive of, all other rights and remedies available at law, in equity or otherwise.  No failure or delay on the part of Holder in exercising any right, power or privilege shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or privilege preclude any other or further exercise thereof or the exercise of any other right, power or privilege or be construed to be a waiver of any Event of Default.  No course of dealing between Maker and Holder or their agents or employees shall be effective to amend, modify or discharge any provision of this Note or to constitute a waiver of any Event of Default.  No notice to or demand upon Maker in any case shall entitle Maker to any other or further notice or demand in similar or other circumstances or constitute a waiver of the right of Holder to exercise any right or remedy or take any other or further action in any circumstances without notice or demand.

18.     Construction.  The headings of the various sections and subsections of this Agreement have been inserted for convenience only and shall not in any way affect the meaning or construction of any of the provisions hereof.  Unless the context otherwise requires, words in the singular include the plural and words in the plural include the singular. Maker and Holder have participated jointly in the negotiation and drafting of this Note.  In the event an ambiguity or question of intent or interpretation arises, this Note shall be construed as if drafted jointly by Maker and Holder, and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provision of this Note.

19.     Counterparts; Integration; Effectiveness. This Note and any amendments, waivers, consents, or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all taken together shall constitute a single contract. This Note constitutes the entire contract between the parties with respect to the subject matter hereof and supersedes all previous agreements and understandings, oral or written, with respect thereto. Delivery of an executed counterpart of a signature page to this Note by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Note.

20.     Severability. If any term or provision of this Note is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Note or invalidate or render unenforceable such term or provision in any other jurisdiction.

[*Signature page follows.*]

IN WITNESS WHEREOF, Maker has executed and delivered this Note on the date first above written.

**MAKER:**

ROLL EM UP FRANCHISE GROUP, LLC,
a California limited liability company

By:

Name:

Title:

[Signature Page – A&R Loan Agreement]