**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RESERVE INDUSTRIES CORPORATION
and FMP VENTURES, INC.,

     Plaintiffs,

v.

ROLL EM UP FRANCHISE GROUP, LLC
and RYAN USREY,

     Defendants.

                                        Civ. No. 24-1074 GBW/JMR

ROLL EM UP FRANCHISE GROUP, LLC
and RYAN USREY,

     Counter-Plaintiffs,

v.

RESERVE INDUSTRIES CORPORATION,
FMP VENTURES, INC., and
NATHANIEL POLLOCK,

     Counter-Defendants.

**<u>ORDER LIFTING STAY OF NONARBITRABLE CLAIMS</u>**

THIS MATTER comes before the Court on Defendants' request to stay

proceedings pending arbitration, *doc. 31* at 15–16, the Court's order granting a

temporary stay of all proceedings, *doc. 45* at 39, and the parties' supplemental briefing

(*docs. 48*, *50*, *51*).  For the following reasons, the Court will deny the request to stay all proceedings and will lift the stay as to all nonarbitrable claims.

### I.    BACKGROUND

This action arises out of a franchise restaurant deal between Plaintiffs/Counter-Defendants Reserve Industries Corporation ("Reserve Industries") and FMP Ventures, Inc. ("FMP"); Defendants/Counter-Claimants Roll Em Up Franchise Group, LLC ("Roll Em Up") and Ryan Usrey; and Counter-Defendant Nathaniel Pollock.  *See generally docs. 1*, *14*.

On June 10, 2025, Plaintiffs moved to dismiss all counterclaims, *doc. 29*, and Defendants moved to compel the arbitration of all claims and stay proceedings, *doc. 31*. On November 26, 2025, the Court issued an order granting both motions in part and denying them in part.  *Doc. 45*.  The Court dismissed two of the counterclaims and ordered arbitration of three of the counterclaims.  *Id*. at 39.  With respect to Defendants' motion to stay proceedings, the Court found that a stay of the arbitrable claims was appropriate.  *Id*. at 22.  However, the Court found the issue of whether to stay nonarbitrable claims had been inadequately briefed, and therefore ordered a temporary stay pending supplemental briefing.  *Id*. at 21–24.  Supplemental briefs were timely filed.  *Docs. 48*, *50*, *51*.

On November 25, 2025, Defendants' counsel filed a motion to withdraw.  *Doc. 44*. The Court held a hearing on January 14, 2026.  *Doc. 52*.  The motion to withdraw was

granted and Roll Em Up and Mr. Usrey were given 60 days to secure new counsel.  *Doc. 53.*  Defendant Roll Em Up was warned that if it did not secure counsel before the ordered deadline, it would not be permitted to make any filings and would be subject to default judgment or other sanctions under D.N.M.LR-Civ. 83.8.  *Id*. at 2.  The deadline expired on March 16, 2026, and no counsel has entered an appearance for either Roll Em Up or Mr. Usrey.  According to Plaintiffs'/Counter-Defendants' status report filed March 26, 2026, Defendants have not initiated arbitration proceedings and have not responded to Plaintiffs'/Counter-Defendants' communications.  *Doc. 54.*

## II.    LEGAL STANDARD

When determining the scope of a stay pending arbitration of some of the claims asserted, "the mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay [the] entire case."  *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998) (citing *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1517 (10th Cir. 1995)).  Rather, the court should determine

> whether a resolution of [the] arbitrable claims will have a preclusive effect
> on the nonarbitrable claims that remain subject to litigation.  If there will
> be such a preclusive effect, especially if the arbitrable claims predominate
> over the nonarbitrable claims, then the district court should consider
> whether to stay the federal-court litigation of the nonarbitrable claims
> pending the arbitration outcome on the arbitrable claims.

*Id.* (citing *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987)); *see also United Comm'ns Hub, Inc. v. Qwest Comm'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002)

("Expanding the stay, so as to encompass all of the nonarbitrable claims in the case, is [only] appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend upon the arbitrator's decision."  (citation omitted) (alterations in original)); *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 783 (8th Cir. 2001) ("[I]ssues such as the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays must be weighed in determining whether to grant a discretionary stay, and in fashioning the precise contours of any stay.").

## III.   ANALYSIS

On review of the parties' submissions and the relevant law, the Court finds there is insufficient justification to stay the entire case pending arbitration.  First, whether resolution of the arbitrable counterclaims will have any preclusive effect on the nonarbitrable claims is at best uncertain, and the Court is confident that the counterclaims do not "predominate over the nonarbitrable claims," *Riley*, 157 F.3d at 785.  The majority of the claims in this action are nonarbitrable, and the nonarbitrable claims are not directly related to those proceeding in arbitration.  The Court previously noted that while there may be some overlapping factual determinations, it does not appear that the arbitrator's findings would be dispositive of any claim in litigation.  *Doc. 45* at 23–24.  Defendants nevertheless urge a stay is warranted because the arbitrator's factual findings would have preclusive effect, specifically the findings as to whether

drugs were sold out of the restaurant; whether the restaurant was negligently constructed; and whether Counter-Defendants failed to pay rent, vendors, or other operation costs. *Doc. 50* at 2–3. Defendants do not, however, provide any new or additional detail about how these facts would affect the legal analysis of nonarbitrable claims. Moreover, as the Court previously noted, the arbitrable and nonarbitrable claims arise under two different agreements, each governed by a different substantive law, which decreases the likelihood of preclusion.

Second, and more compellingly still, an important practical consideration has arisen since the Court first addressed Defendants' request for a stay. Defendants are now proceeding without counsel, *see doc. 53*, and there is no indication that they have initiated or will initiate any arbitration proceedings, *see docs. 49*, *52*, *54*. Permitting a stay of the remaining claims for what seems likely to be an indefinite period, leaving no avenue for the Counter-Defendants to pursue their rights in either forum, would impose substantial unfair prejudice. *See AgGrow Oils*, 242 F.3d at 783 (courts should consider the prejudice that may result from the delay). It is axiomatic, moreover, that no preclusive effect is likely to arise from arbitration that never commences. The Court will therefore lift the stay of all nonarbitrable claims in this action.

### IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

(1)    The stay of proceedings is hereby **LIFTED** as to all nonarbitrable claims;

(2)    Because Defendant Ryan Usrey did not participate as ordered in filing the second Joint Status Report (*doc. 54*), he shall file a status report within **14 days** of the date of this Order, apprising the Court of the current status of arbitration and, if arbitration proceedings have not yet commenced, of his plans to initiate arbitration.  Mr. Usrey is hereby warned that failure to comply with this Order may result in sanctions up to and including default judgment against him and dismissal of counterclaims.

(3)    Within **30 days** of the date of this Order, Plaintiffs/Counter-Defendants may file a motion for default judgment, motion to dismiss counterclaims, and/or motion for such other relief as is requested and supported by law.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

6