## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RESERVE INDUSTRIES CORPORATION
and FMP VENTURES, INC.,

      Plaintiffs,

v.

ROLL EM UP FRANCHISE GROUP, LLC
and RYAN USREY,

      Defendants.

                      Civ. No. 24-1074 GBW/JMR

ROLL EM UP FRANCHISE GROUP, LLC
and RYAN USREY,

      Counter-Plaintiffs,

v.

RESERVE INDUSTRIES CORPORATION,
FMP VENTURES, INC., and
NATHANIEL POLLOCK,

      Counter-Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs'/Counter-Defendants'

Second Motion to Dismiss Counterclaim (*doc. 66*) and Motion for Default Judgment (*doc.*

*67*).  Having reviewed the briefing and relevant law, the Court will grant the motion to dismiss in part and will deny without prejudice the motion for default judgment.

### I.   BACKGROUND

Plaintiffs Reserve Industries Corporation ("Reserve Industries") and FMP Ventures, Inc. ("FMP") filed suit in this court on October 23, 2024.  *Doc. 1*.  The parties' dispute arises out of the sale of a franchise restaurant in Las Vegas, Nevada.  On April 4, 2025, Defendants Roll Em Up Franchise Group, LLC ("Roll Em Up") and Ryan Usrey filed an answer and counter-complaint asserting various claims against Reserve Industries, FMP, and Nathaniel Pollock.  *Doc. 14*.  On November 26, 2025, the Court issued a Memorandum Opinion and Order dismissing Count One of the counter-complaint against Reserve Industries; dismissing Count Six of the counter-complaint in its entirety; and ordering Counter-Plaintiffs to arbitrate Counts Four and Seven of the counter-complaint, as well as the portion of Count Eight relating to whether the Area Development Agreement ("ADA") was breached.  *Doc. 45*.

Shortly before the order was entered, on November 25, 2025, counsel for Defendants/Counter-Plaintiffs Roll Em Up and Mr. Usrey filed a motion to withdraw. *Doc. 44*.  The Court held a hearing on January 14, 2026, during which Mr. Usrey was clearly advised that Roll Em Up—as a limited liability company—could not proceed without counsel and was in danger of default.  *Doc. 52* at 2, 4.  The Court granted the motion to withdraw on January 15, 2026, giving Defendants/Counter-Plaintiffs 60 days

to obtain new counsel, indicating that no extensions would be granted, and warning the parties that:

> If no counsel enters an appearance for Defendant and Counter-Plaintiff Roll Em Up Franchise Group, LLC, that party will not be permitted to make any filings and will be subject to default judgment or other sanctions pursuant to D.N.M.LR-Civ. 83.8.

*Doc. 53* at 2.  The deadline expired on March 16, 2026, and no counsel entered an appearance for either Roll Em Up or Mr. Usrey.  On May 11, 2026, Mr. Usrey filed a Motion for Extension of Time to Obtain Counsel, ostensibly on behalf of both himself and Roll Em Up.  *Doc. 59*.  On May 20, 2026, the Court denied the motion, noting that—inclusive of the original 60-day deadline—Roll Em Up and Mr. Usrey had had 124 days to procure counsel.  *Doc. 63* at 2 & n.1.  On May 29, 2026, the Clerk entered default against Roll Em Up.  *Doc. 68*.  As of the date of this Order, more than 45 days after Mr. Usrey's motion was denied, neither Roll Em Up nor Mr. Usrey has yet obtained counsel.

## II.    LEGAL STANDARD

### A.    Rule 41(b)

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see also Rogers v. Andurs Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) ("[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]").  Rule 41 applies to both claims and counterclaims.  Fed. R. Civ. P. 41(c).  "Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  *Davis v.*

3

*Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007)).  The district court may dismiss an action without prejudice at its discretion, without following any particular procedures. *Nasious*, 492 F.3d at 1162.  However, "dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Davis*, 571 F.3d at 1061.  Before dismissing an action with prejudice, the court should consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 918).

### B.    Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  The clerk's entry of default alone is not sufficient to impose a default judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).  "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in

4

default does not admit mere conclusions of law.'" *Id.* (quoting 10A Charles A. Wright,

Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed.

1998)).  Default judgment "must be supported by a sufficient basis in the pleadings."

*Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (citing *Bixler*, 596 F.3d at 762).  In other

words, the alleged facts, deemed true, must "form the basis for a cognizable claim."  *Id.*

Entry of a default judgment "is committed to the sound discretion of the district court."

*Id.* at 764.

### III.    ANALYSIS

Plaintiffs/Counter-Defendants move for the dismissal of all counterclaims against

them, which includes arbitrable and nonarbitrable claims by both Roll Em Up and Mr.

Usrey.  *Doc. 66*.  In addition, they move for default judgment on all claims against Roll

Em Up.  *Doc. 67*.  The Court addresses each relevant category in turn.

#### A.    Arbitrable Counterclaims

Plaintiffs/Counter-Defendants move for dismissal of all arbitrable counterclaims

because Counter-Plaintiffs Roll Em Up and Mr. Usrey were ordered to arbitrate their

claims on November 26, 2025—more than seven months ago—and have failed to do so.

*Doc. 66* at 7.  There is precedent for the dismissal of arbitrable claims if the party

asserting them persistently fails to initiate arbitration proceedings.  *See, e.g., R & C*

*Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2025) ("The

District Court did not abuse its discretion in dismissing the case with prejudice

5

pursuant to Rule 41(b) following R&C's inaction for more than a year and clear statement that it had no plans to pursue arbitration."); *Hicks v. Wells Fargo Bank, N.A.*, 2026 U.S. App. LEXIS 18509, at *4 (6th Cir. June 24, 2026) (affirming dismissal under Rule 41(b) for failure to comply with the district court's arbitration order); *Costello v. Paramount Glob., Inc.*, 2026 U.S. App. LEXIS 14174, at *5–6 (2d Cir. May 18, 2026) (affirming dismissal under Rule 41(b) where the plaintiff "repeatedly refused to commence arbitration despite clear warnings"); *Newsom v. Dillard's Store Servs.*, 2011 U.S. Dist. LEXIS 169829, at *7 (D. Kan. July 13, 2011) (dismissing claims under Rule 41(b) because the plaintiff failed to initiate arbitration for ten months after being ordered to do so).

In this instance, however, the Court's order directing Counter-Plaintiffs to arbitrate certain counterclaims did not include a specific time limit, *see doc. 45* at 39, and the Court has not specifically warned Counter-Plaintiffs that the failure to initiate arbitration before a certain time will result in dismissal.[1]  The Court therefore finds that dismissal of the arbitrable counterclaims would be premature.  Nevertheless, Counter-Plaintiffs' failure to commence arbitration more than six months after being ordered to do so has significantly prejudiced Counter-Defendants.  Counter-Plaintiffs Roll Em Up

---

[1] Plaintiffs/Counter-Defendants also emphasize that the parties were ordered to file joint status reports every three months as to the progress of the arbitration proceedings, *see doc. 45* at 40, in which Roll Em Up—due to its inability to proceed without counsel—has been unable to participate, *see, e.g., doc. 73*.  The Court does not find that this violation of its order is sufficiently serious, in and of itself, to warrant dismissal as a sanction.

and Mr. Usrey are ordered to initiate arbitration proceedings no later than 60 days from the date of this Order, and are hereby warned that failure to do so will result in dismissal of all arbitrable counterclaims.

### B.       Nonarbitrable Counterclaims—Roll Em Up

Plaintiffs/Counter-Defendants argue that Roll Em Up has failed to prosecute its counterclaims in this Court because it has not secured counsel and cannot appear in district court unrepresented.  The Court agrees.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted).  The Local Rules of Civil Procedure state that a "corporation, partnership or business entity other than a natural person can appear only with an attorney" and that "[a]bsent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed."  D.N.M.LR-Civ. 83.8(c).  Roll Em Up was notified of this rule and the potential consequences of violating it as early as January 14, 2026, during the hearing on counsel's motion to withdraw.  *Doc. 52* at 2, 4; *see also doc. 53*.  Roll Em Up has nevertheless failed to obtain new counsel for well over six months.

7

On consideration of the relevant factors, the Court finds that dismissal with prejudice of Roll Em Up's nonarbitrable counterclaims is the appropriate sanction. On the first and second factors, Roll Em Up's failure to obtain counsel and resulting inability to participate in litigation has caused significant prejudice to Plaintiffs/Counter-Defendants and substantial interference with the judicial process. Following the Court's substantive rulings on November 26, 2025, the withdrawal of Roll Em Up's counsel and failure to obtain new counsel has resulted in approximately six months of delay because Roll Em Up cannot proceed. On the third factor, the Court finds that Roll Em Up, not counsel, is culpable for its failure to comply with the Local Rules. Roll Em Up has had ample opportunity to secure new counsel and is solely responsible for failing to do so. *C.f. Davis*, 571 F.3d at 1064 ("Mr. Davis's status as an incarcerated prisoner distinguishes this case from those involving typical civil litigants with resources at their disposal."). Fourth, Roll Em Up was warned that failure to secure counsel would result in serious consequences up to and including an adverse judgment. Fifth, the Court finds that lesser sanctions would be ineffective because Roll Em Up has made no use of its extended opportunity to obtain new counsel, and there is no reason to believe the circumstances preventing it from doing so will change in the foreseeable future. While the Court appreciates that dismissal with prejudice is "a drastic sanction," *id*. at 1061, Counter-Defendants are entitled to a timely resolution of

the claims against them.  The motion to dismiss is therefore granted as to Roll Em Up's

nonarbitrable counterclaims.

> C.   Nonarbitrable Counterclaims—Mr. Usrey

Plaintiffs/Counter-Defendants argue generally that Mr. Usrey "has . . . not

prosecuted any of the causes of action against the Reserve Parties." *Doc. 66* at 2.  They

offer no specific examples with respect to Mr. Usrey's nonarbitrable claims.  A

scheduling order was issued on July 2, 2026, following a scheduling conference which

Mr. Usrey attended.  *See docs. 74, 75*.  Plaintiffs/Counter-Defendants do not allege that

Mr. Usrey has missed any of the scheduling deadlines; indeed, no discovery deadlines

have yet passed.  Consequently, there is as yet no indication that Mr. Usrey has failed,

or will fail, to prosecute his claims against Counter-Defendants, and dismissal on that

basis is unwarranted.[2]

> D.   Default Judgment

Finally, Plaintiffs/Counter-Defendants move for default judgment on their claims

against Roll Em Up based on its failure to obtain counsel and consequent inability to

proceed with litigation.  *Doc. 67*.  Default judgment is an appropriate sanction where a

business entity fails to obtain counsel in violation of the Local Rules.  D.N.M.LR-Civ.

---

[2] Plaintiffs/Counter-Defendants also argue that Mr. Usrey "cannot individually pursue claims against the Reserve Parties based on the ADA because it was between FMP and REU." *Doc. 66* at 7.  This is a substantive legal issue not properly raised on a motion under Rule 41(b), and accordingly, the Court declines to consider it here.

9

83.8(c); *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1233–34

(D.N.M. 2011) (entering default judgment against defendant limited liability company

pursuant to Local Rule 83.8(c)).

However, the general rule is that "when one of several defendants who is alleged

to be jointly liable defaults, judgment should not be entered against him until the matter

has been adjudicated with regard to all defendants, or all defendants have defaulted."

*Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright,

A. Miller & M. Kane, *Fed. Practice & Procedure* § 2690, at 455–56 (1983)).  This rule

derives from *Frow v. DeLaVega*, 82 U.S. 552, 554 (1872), where the Supreme Court held it

was improper to make a final decree against one defaulting defendant where the bill

made a joint charge against several other, non-defaulting defendants.  In the Tenth

Circuit, this rule extends to joint and several liability:

> Whether or not *Frow* is controlling, we agree with the Seventh Circuit that
> just as consistent verdict determinations are essential among joint
> tortfeasors, consistent damage awards on the same claim are essential
> among joint and several tortfeasors.  Otherwise, plaintiffs armed with
> joint and several liability on a single claim could seek to execute on a
> larger damage award from a party against whom the court awarded a
> much small damage verdict—the situation that occurred here.

*Hunt*, 770 F.2d at 148 (internal citation omitted); *see also U.S. for Use of Hudson v. Peerless

Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) ("Where the liability is joint and several or

closely interrelated and a defending party establishes that plaintiff has no cause of

action or present right of recovery, this defense generally inures also to the benefit of a

10

defaulting defendant." (quoting 6 Moore, Fed. Practice § 55.06, at 1821 (2d ed. 1965)).

Although *Hunt* discusses tortfeasors, courts in this circuit have extended its reasoning

to contract claims. *See, e.g., Ammerman v. Fisher*, 2026 U.S. Dist. LEXIS 49002, at *8 (D.

Utah Jan. 20, 2026) (declining to enter default judgment on contract claims "because

defaulting and non-defaulting defendants would have closely related defenses"); *Insco*

*Env't, Inc. v. Pac. Env't Grp., LLC*, 2023 U.S. Dist. LEXIS 216963, at *7–8 (D. Kan. Dec. 6,

2023) (finding it inappropriate to enter default judgment on contract claims where it

had not been determined if non-defaulting defendants were liable on the merits);

*Transfirst, LLC v. Brown*, 2019 U.S. Dist. LEXIS 44846, at *5 (D. Colo. Mar. 19, 2019)

(same).

Plaintiffs assert contractual and quasi-contractual claims against Roll Em Up. *See*

*generally doc. 1*. The complaint does not specifically state whether joint liability is

alleged. However, there appears to be considerable overlap in the alleged actions and

liabilities of Roll Em Up, the defaulting defendant, and Mr. Usrey, the non-defaulting

defendant. *See, e.g., doc. 1* at ¶ 39 ("[Roll Em Up], by and at Usrey's direction, executed

the Stockholder Note pursuant to the ARLA on or about December 12, 2023"); ¶ 71

("Defendants had no right to sell the franchise rights without complying with its [sic]

obligations to make the required payments as contemplated by the Asset Purchase

Agreement."); ¶ 72 ("By selling the franchise rights without complying with its [sic]

obligations to make the required payments as contemplated by the Asset Purchase

11

Agreement, Defendants have acted illegally and/or wrongfully."). Mr. Usrey is Roll Em Up's registered agent and sole member. *Id*. at ¶ 7. Based on these allegations, a default judgment against Roll Em Up at this juncture would risk inconsistent verdicts between two jointly liable, or jointly and severally liable, defendants. *See Hunt*, 770 F.2d at 148. The motion for default judgment will therefore be denied without prejudice until such time as the claims against Mr. Usrey are resolved or he also defaults.[3]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs'/Counter-Defendants' Second Motion to Dismiss Counterclaim (*doc. 66*) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs'/Counter-Defendants' Motion for Default Judgment (*doc. 67*) is **DENIED WITHOUT PREJUDICE**. It is **ORDERED** as follows:

(1) Counts Two, Three, and Five of Defendant Roll Em Up Franchise Group, LLC's Counter-Complaint (*doc. 14*), as well as the remaining portion of Count One and the portion of Count Eight not relating to whether the Area

---

[3] The Court notes an additional, practical consideration. Plaintiffs have indicated that they may file an amended complaint. *See doc. 77*. If an amended complaint is filed, it will supersede the original complaint and render moot the Clerk's prior entry of default, along with any default judgment based on the original complaint. *See, e.g., Forehand v. Ali*, 2026 U.S. Dist. LEXIS 102361, at *3 (W.D. Okla. May 8, 2026) ("[T]he Court's granting of Plaintiff's motion to amend her complaint renders moot both her motion for default judgment as well as the Clerk of Court's earlier entry of default."); *Whitehorn v. McCann*, 2025 U.S. Dist. LEXIS 7252, at *3 (D. Colo. Jan. 14, 2025) ("An entry of default must be set aside if it was directed at a superseded pleading." (citing *Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 710 (10th Cir. 2016))). Therefore, even if the considerations detailed above did not preclude the requested relief, it would be judicially inefficient to grant default judgment if Plaintiffs plan to amend.

Development Agreement was breached, are **DISMISSED WITH PREJUDICE**.

(2) No later than **60 days** from the date of this Order, Counter-Plaintiffs Roll Em Up and Mr. Usrey shall initiate arbitration proceedings.  Counter-Plaintiffs are hereby warned that failure to comply with this Order will result in the dismissal of all arbitrable counterclaims.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

13