**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RESERVE INDUSTRIES CORPORATION
and FMP VENTURES, INC.,

Plaintiffs,

v.

ROLL EM UP FRANCHISE GROUP, LLC
and RYAN USREY,

Defendants.

Civ. No. 24-1074 GBW/JMR

ROLL EM UP FRANCHISE GROUP, LLC
and RYAN USREY,

Counter-Plaintiffs,

v.

RESERVE INDUSTRIES CORPORATION,
FMP VENTURES, INC., and
NATHANIEL POLLOCK,

Counter-Defendants.

**ORDER DISMISSING ARBITRABLE COUNTERCLAIMS**

THIS MATTER comes before the Court following the Order entered July 17, 2026 (*doc. 80*) and Plaintiffs/Counter-Defendants Reserve Industries Corporation and FMP Ventures, Inc.'s Notice of Non-Compliance (*doc. 81*). For the reasons set forth below, the

Court will dismiss all arbitrable counterclaims brought by Counter-Plaintiffs Roll Em Up Franchise Group, LLC ("Roll Em Up") and Ryan Usrey.

## I. BACKGROUND

On November 26, 2025, the Court ordered Counter-Plaintiffs Roll Em Up and Ms. Usrey to arbitrate Counts Four and Seven of the counter-complaint, as well as the portion of Count Eight relating to whether the Area Development Agreement ("ADA") was breached. *Doc. 45*. Approximately six months later, on May 27, 2026, Plaintiffs/Counter-Defendants moved to dismiss the arbitrable counterclaims for failure to prosecute, arguing that Counter-Plaintiffs had failed to initiate arbitration proceedings. *Doc. 66* at 7–8. The Court issued an order on July 17, 2026, holding that dismissal of the arbitrable counterclaims was premature because no specific time limit had been imposed, and directing as follows:

> Counter-Plaintiffs Roll Em Up and Mr. Usrey are ordered to initiate arbitration proceedings no later than 60 days from the date of this Order, and are hereby warned that **failure to do so will result in dismissal of all arbitrable counterclaims**.

*Doc. 80* at 6–7 (emphasis added).

More than 90 days have passed since the Court's order, and Counter-Plaintiffs have neither initiated arbitration proceedings nor indicated any intent to do so. On September 29, 2026, Plaintiffs/Counter-Defendants filed a Notice of Non-Compliance stating that Counter-Plaintiffs had not complied with the Court's order. *Doc. 81*. On

September 30, 2026, Plaintiffs/Counter-Defendants filed a Fourth Joint Status Report in which Counter-Plaintiffs failed to participate.[1] *Doc. 82*.

## II. LEGAL STANDARD

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) ("[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]"). Rule 41 applies to both claims and counterclaims. Fed. R. Civ. P. 41(c). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007)). The district court may dismiss an action without prejudice at its discretion, without following any particular procedures. *Nasious*, 492 F.3d at 1162. However, "dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Davis*, 571 F.3d at 1061. Before dismissing an action with prejudice, the court should consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action

---

[1] The parties were ordered to submit a joint status report 30 days from the date of the arbitration order and every three months thereafter, updating the Court as to the progress of the arbitration proceedings. *Doc. 45* at 40. Plaintiffs/Counter-Defendants have attempted to comply with this directive. *See docs. 49*, *54*, *73*, *82*. Mr. Usrey has participated in only one of these joint status reports. *See doc. 73*. In all other instances, Counter-Plaintiffs have failed to participate and/or to respond to Plaintiffs/Counter-Defendants' communications. *See docs. 49*, *54*, *82*.

> would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 918).

## III. ANALYSIS

The Court finds that the dismissal with prejudice of all arbitrable counterclaims will satisfy the interests of justice. Counter-Plaintiffs were first ordered to arbitrate the counterclaims on November 26, 2025, nearly a year ago. *Doc. 45*. On July 17, 2026, Counter-Plaintiffs were ordered to initiate arbitration proceedings within 60 days and were plainly warned that the counterclaims would be dismissed if they failed to do so. *Doc. 80* at 6–7. To date, Counter-Plaintiffs have not commenced arbitration proceedings, communicated any intent or plan to commence arbitration proceedings, or sought an extension of time to do so from the Court.

On consideration of the *Ehrenhaus* factors, the Court finds that dismissal with prejudice is the appropriate sanction. On the first factor, Counter-Plaintiffs' persistent failure to initiate arbitration proceedings has caused significant prejudice to the Counter-Defendants, who are entitled to a timely resolution of the claims against them. On the second factor, while the arbitrable counterclaims are not being actively litigated

before this Court, the failure to commence arbitration proceedings has necessitated additional briefing, caused delay and uncertainty, and interfered with the judicial process. On the third factor, the Court finds that Counter-Plaintiffs are culpable for their failure to comply with the Court's orders and prosecute their claims. While both Roll Em Up and Mr. Usrey have been unrepresented since January 15, 2026, *see doc. 53*, they have been granted ample opportunity to secure new counsel and are responsible for failing to do so. *C.f. Davis*, 571 F.3d at 1064 ("Mr. Davis's status as an incarcerated prisoner distinguishes this case from those involving typical civil litigants with resources at their disposal."). On the fourth factor, Counter-Plaintiffs were clearly and explicitly warned that failure to commence arbitration within 60 days "*will result* in dismissal of all arbitrable counterclaims." *Doc. 80* at 6–7 (emphasis added).

Finally, the Court finds that no lesser sanction would be effective because, almost a year after they were first ordered to arbitrate the counterclaims, Counter-Plaintiffs have neither initiated such proceedings nor evinced any real intent to do so. On the contrary, Counter-Plaintiffs have repeatedly failed to participate in the litigation process, prosecute their counterclaims, and comply with this Court's orders. All prior efforts to ensure their compliance have failed. Under these circumstances, the dismissal of arbitrable claims is appropriate. *See, e.g.*, *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) ("The District Court did not abuse its discretion in dismissing the case with prejudice pursuant to Rule 41(b) following R&C's

inaction for more than a year and clear statement that it had no plans to pursue arbitration."); *Hicks v. Wells Fargo Bank, N.A.*, 2026 U.S. App. LEXIS 18509, at *4 (6th Cir. June 24, 2026) (affirming dismissal under Rule 41(b) for failure to comply with the district court's arbitration order); *Costello v. Paramount Glob., Inc.*, 2026 U.S. App. LEXIS 14174, at *5–6 (2d Cir. May 18, 2026) (affirming dismissal under Rule 41(b) where the plaintiff "repeatedly refused to commence arbitration despite clear warnings"); *Newsom v. Dillard's Store Servs.*, 2011 U.S. Dist. LEXIS 169829, at *7 (D. Kan. July 13, 2011) (dismissing claims under Rule 41(b) because the plaintiff failed to initiate arbitration for ten months after being ordered to do so).

The Court recognizes that dismissal with prejudice is "a drastic sanction." *Davis*, 571 F.3d at 1061. However, in light of Counter-Plaintiffs' persistent failure to initiate arbitration proceedings, their unexcused violation of the Court's direct order of July 17, 2026, and the significant ongoing prejudice to Counter-Defendants, the Court finds that it is warranted. All arbitrable counterclaims will therefore be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Counts Four and Seven of Roll Em Up Franchise Group, LLC and Ryan Usrey's Counter-Complaint (*doc. 14*), as well as the portion of

Count Eight relating to whether the ADA was breached,[2] are hereby **DISMISSED WITH PREJUDICE**.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

[2] Counter-Plaintiffs were only ordered to arbitrate the portion of Count Eight relating to whether the ADA was breached. *Doc. 45* at 39. All of Roll Em Up's nonarbitrable counterclaims, including the remaining portion of Count Eight, were dismissed with prejudice on July 17, 2026. *Doc. 80* at 12–13. However, Mr. Usrey's nonarbitrable counterclaims, including the remaining portion of Count Eight, have not been dismissed and remain live. *See id*. at 9.